| | |
|---|---|
| In re: Application of CA Investment (Brazil) S.A. for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 | Case No. 19-mc-22 (MJD/SER)<br><br>**ORDER** |

Douglas L. Elsass, Nilan Johnson Lewis PA, 120 South Sixth Street, Suite 400, Minneapolis MN 55402; and Kenneth Puhala, Schnader Harrison Segal & Lewis LLP, 140 Broadway, Suite 3011, New York NY 10005 (for Petitioner).

This matter is before the Court, United States Magistrate Judge Steven E. Rau, on CA Investment (Brazil) S.A.'s *Ex Parte* Application for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782. (ECF No. 1). For the reasons set forth below, the application is granted.

## I. BACKGROUND

Eldorado Brasil Celulose S.A. ("Eldorado") is a Brazilian company that produces market bleached hardwood kraft pulp. (Decl. of Claudio Laert Cotrim Passos ¶ 2, ECF No. 3). CA Investment (Brazil) S.A. ("CA Investment") is a Brazilian corporation.[1] (Cotrim Passos Decl. ¶ 2). CA Investment holds 49.41% of the total issued and outstanding shares of Eldorado. (Cotrim Passos Decl. ¶ 2). The remaining 50.59% of the issued and outstanding shares in Eldorado are held by J&F Investimentos S.A. (Cotrim Passos Decl. ¶ 3). J&F Investimentos is controlled by two brothers, Joesley Mendonça Batista and Wesley Mendonça Batista. (Cotrim Passos Decl. ¶ 3).

---

[1] CA Investment is a subsidiary of Paper Excellence B.V., a Dutch corporation. (ECF No. 4).

Following a corruption probe by Brazilian authorities, Joesley Mendonça Batista and Wesley Mendonça Batista, as well as other officers of various companies owned by J&F Investimentos, entered into plea bargains with the Brazilian Federal Prosecutor Service on May 3, 2017. (Cotrim Passos Decl. ¶ 4). The pleas called for fines totaling R$225 million. (Cotrim Passos Decl. ¶ 4). On June 5, 2017, J&F Investimentos entered in a leniency agreement wherein it assumed responsibility for the criminal conduct outlined in the May 3, 2017 pleas; J&F Investimentos agreed to pay a R$8.0 billion fine and contribute R$2.3 billion over a 25-year period for social projects.[2] (Cotrim Passos Decl. ¶ 5).

To fund these fines, Joesley Mendonça Batista, Wesley Mendonça Batista, and J&F Investimentos sought to sell various assets, including Eldorado. (Cotrim Passos Decl. ¶ 7). On September 2, 2017, CA Investment entered into a share purchase agreement with J&F Investimentos to purchase its ownership interest in Eldorado, which was 80.9% of Eldorado's total issued and outstanding capital stock. (Cotrim Passos Decl. ¶ 8). The share purchase agreement provided that CA Investment would acquire all shares in Eldorado by September 2, 2018. (Cotrim Passos Decl. ¶ 9).

Two transactions were made pursuant to the share purchase agreement. First, J&F Investimentos sold CA Investment 13% of the total and voting share capital of Eldorado for R$1,006,000 on September 25, 2017. (Cotrim Passos Decl. ¶ 9(a)). On December 12, 2017, CA Investment purchased 34.45% of the indirect total share capital of Eldorado from

---

[2] R$10.3 billion is approximately US$3.24 billion. (Cotrim Passos Decl. ¶ 5).

Florestal Fundo de Investimento em Participacoes Multiestrategia for R$2,700,000,000 and 1.96% of the indirect total and voting share capital for R$151,000,000. (Cotrim Passos Decl. ¶ 9(b)). This brought CA Investment to a total of 49.41% ownership of the shares of Eldorado. (Cotrim Passos Decl. ¶ 9(b)).

The sale of the remaining Eldorado shares to CA Investment has not occurred. (Cotrim Passos Decl. ¶ 9(c)). On July 18, 2018, CA Investment remitted the necessary funds to finalize the purchase of the remaining Eldorado funds pursuant to the share purchase agreement. (Cotrim Passos Decl. ¶ 9(c)). Due to various market changes—a significant increase in pulp prices in China and favorable changes to the US/Brazilian exchange rate—J&F Investimentos and Eldorado frustrated CA Investment's efforts under the share purchase agreement. (Cotrim Passos Decl. ¶ 11). Accordingly, CA Investment sought an injunction in Brazilian courts on August 14, 2018. (Cotrim Passos Decl. ¶ 12). On August 31, 2018, the Brazilian court determined that the dispute between CA Investment and J&F Investimentos and Eldorado should be resolved by ICC arbitration under the terms of the share purchase agreement. (Cotrim Passos Decl. ¶ 13). The Brazilian court enjoined J&F Investimentos from (1) disposing of its shares in Eldorado pending the arbitration and (2) any transactions outside the ordinary course of business without CA Investment's consent. (Cotrim Passos Decl. ¶ 13).

On September 4, 2018, J&F Investimentos notified CA Investments that it was terminating the share purchase agreement on the grounds that the September 2, 2018 deadline had passed and CA Investment failed to fulfill its obligations. (Cotrim Passos Decl. ¶ 14).

3

J&F Investimentos and CA Investments appealed the Brazilian court decision. (Cotrim Passos Decl. ¶ 15). The São Paulo State Court of Appeals issued its decision on November 28, 2018, suspending J&F Investimentos' termination notice and extending the injunctive relief through an arbitration decision. (Cotrim Passos Decl. ¶ 15; *see* Cotrim Passos Decl. Ex. B).

CA Investment submitted its arbitration request to the Secretariat of the International Court of Arbitration of Brazil on September 5, 2018. (Cotrim Passos Decl. ¶ 16). J&F Investimentos and Eldorado responded on October 15, 2018. (Cotrim Passos Decl. ¶ 16). On March 21, 2019, an arbitral tribunal was constituted under ICC Case No. 23909/GSS. (Cotrim Passos Decl. ¶¶ 16–17).

At a shareholders' meeting on February 6, 2019, J&F Investimentos approved, over the objection of CA Investment, the issuance of US$500 million in new bonds listed on the Singapore Exchange Securities Trading Limited ("Singapore Exchange") by an Eldorado affiliate, Eldorado Intl. Finance GmbH. (Cotrim Passos Decl. ¶ 18). The bonds would be guaranteed by Eldorado and another Eldorado affiliate, Cellulose Eldorado Austria GmbH. (Cotrim Passos Decl. ¶ 18). This proposed bond offering had been approved at a January 21, 2019 meeting of Eldorado's board of directors. (Cotrim Passos Decl. ¶ 19).[3] In relation to the proposed new bonds, CA Investment obtained from a third party—not Eldorado or J&F Investimentos—the accompanying bond offering memorandum. (Cotrim Passos Decl.

---

[3] Six of seven directors are nominated by J&F Investimentos, which is controlled by Joesley Mendonça Batista and Wesley Mendonça Batista. (Cotrim Passos Decl. ¶ 19).

4

¶ 20). CA investment asserts there are numerous fraudulent representations in the bond offering memorandum. (Cotrim Passos Decl. ¶¶ 21–22).

On February 7, 2019, CA Investment commended dual actions in the High Court of Singapore (HC/OS 169/2019) and the Singapore High Court (HC/SUM 612/2019) seeking an injunction restraining Eldorado from taking any steps to publish or disseminate the bond offering memorandum or applying to list the proposed bonds on the Singapore Exchange. (Cotrim Passos Decl. ¶¶ 23–24). The Singapore High Court issued an order granting the injunction the same day. (Cotrim Passos Decl. ¶ 25; *see* Cotrim Passos Decl. Ex. C).

On February 7, 2019, CA Investment filed an injunction application in the Second Business and Arbitration Dispute Court in São Paulo asserting that the issuance of new bonds was outside the ordinary course of business. (Cotrim Passos Decl. ¶ 26). The injunction was granted on an *ex parte* basis but, following motions by J&F Investimentos and Eldorado, was revoked on February 27, 2019. (Cotrim Passos Decl. ¶ 26). CA Investment appealed to the São Paulo Appellate Court which restored the bond injunction in part, ruling that Eldorado could only prepare for the proposed bond offering after completion of the arbitration. (Cotrim Passos Decl. ¶ 27). That decision was revoked after reconsideration on March 11, 2019. (Cotrim Passos Decl. ¶ 27).

On March 15, 2019, CA Investment filed a derivative action in the High Court of Singapore (HC/S 284/2019) asserting that Joesley Mendonça Batista, Wesley Mendonça Batista, and other Eldorado directors and officers caused Eldorado to publish false or misleading statements concerning the bond offering, committed fraud, and breached their fiduciary duties. (Cotrim Passos Decl. ¶ 28; *see* Cotrim Passos Decl. Ex. A).

CA Investments seeks discovery for the court proceedings in Singapore and Brazil and the arbitration proceeding in Brazil. (Cotrim Passos Decl. ¶ 29). The bond offering memorandum discloses U.S. Bank as the trustee for the proposed bonds. (Cotrim Passos Decl. ¶ 29). CA Investment believes U.S. Bank has possession, custody, or control of documents relating to the statements in the bond offering memorandum. (Cotrim Passos Decl. ¶ 29). CA Investment has already been granted authorization to conduct discovery for use in these foreign proceedings by the United States District Court for the Southern District of New York as relates to entities based in New York: (1) White & Case LLP; (2) BDO USA, LLP; (3) The Bank of New York Mellon Corporation; (4) Moody's Investor Service, Inc.; and (5) Fitch Ratings, Inc. (Cotrim Passos Decl. ¶ 31; *see* Cotrim Passos Decl. Ex. D).

## II. ANALYSIS

Under 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782(a); *see also In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 953–54 (D. Minn. 2007) (an order is "appropriate where the Applicant establishes that (1) the discovery is sought from a person found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the applicant is an 'interested person' before such foreign tribunal.").

Here, based on the record before the Court, U.S. Bank N.A. is headquartered in Minnesota and conducts its Global Corporate Trust Services from St. Paul, Minnesota, which is within the District of Minnesota. The applicant, CA Investment, seeks to use discovery before three foreign tribunals: (1) the Brazilian courts; (2) an ICC arbitration in Brazil; and (3) the Singaporean courts. CA Investment qualifies as an "interested person" given it is a participant in the proceedings before the Brazilian and Singaporean courts and the ICC arbitration tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782."). Accordingly, CA Investment has satisfied the requirements set forth in § 1782(a).

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. The Supreme Court has enumerated four "factors that bear consideration in ruling on a § 1782(a) request." *Id.* These factors are: (1) whether the person from whom discovery sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65; *accord In re Hallmark Capital Corp.*, 534 F. Supp. 2d at 954 (once the statutory requirements are met, "a court has the discretion to grant an application under Section 1782 if doing so would (1) provide an efficient means of assistance to participants in international litigation, and (2) encourage foreign countries to provide

reciprocal means of assistance to United States courts and litigants.") (citing *In re Application of Euromepa*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995)).

Based on the factors outlined in *Intel Corp.*, the Court concludes that the application should be granted. U.S. Bank is not a participant to the foreign proceedings and is outside their jurisdictional reach. U.S. Bank is an entity that likely has information related to the bond offering memorandum. There is no indication that any of the foreign proceedings would reject evidence obtained by CA Investment in the United States. Nor is there any indication that CA Investment is attempting to circumvent foreign proof-gathering procedures through this application. And finally, the discovery sought is narrowly tailored to information known to U.S. Bank related to the proposed bond offering at dispute in each of the foreign proceedings. Accordingly, the Court finds that the factors espoused in *Intel Corp.* all weigh in favor of granting the application.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. CA Investment (Brazil) S.A.'s *Ex Parte* Application for an Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, (ECF No. 1), is **GRANTED**.

2. CA Investment is authorized to issue, sign, and serve a subpoena upon U.S. Bank N.A. in substantially the same form as attached to the application. (*See* ECF No. 1, Ex. 2 (proposed subpoena)). A copy of this Order shall be served with the subpoena.

3. In accordance with 28 U.S.C. § 1782(a), the discovery conducted pursuant to this Order, as well as any related motion practice, shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Date: April 9, 2019

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*In re: Application of CA Investment*
Case No. 19-mc-22 (MJD/SER)